[Cite as *State v. Hartshorn*, 2018-Ohio-1347.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| ZACHARY M. HARTSHORN | Case No. 17-CA-80 |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Municipal Court, Case No. 17CRB02132 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 5, 2018 |
| APPEARANCES: | |

| For Defendant-Appellant | For Plaintiff-Appellee |
|---|---|
| CHRIS BRIGDON | J. MICHAEL KING |
| 123 Stirling Way | Assistant Law Director |
| Etna, Ohio 43062 | City of Newark |
| | 40 West Main Street |
| | Newark, Ohio 43055 |

*Hoffman, J.*

{¶1} Appellant Zachary M. Hartshorn appeals a judgment of the Licking County Municipal Court convicting him of assault (R.C. 2903.13) and sentencing him to 180 days incarceration. Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 4, 2017, Appellant and his girlfriend, who was 16 years old, argued at his residence. Appellant began hitting a pole with a sword, striking his girlfriend in the elbow with the sword. As the argument continued, he choked her and punched her. She ran outside. Police were dispatched to the scene, where they interviewed the victim as she was treated by emergency medical personnel.

{¶3} A witness told police he saw Appellant kick the victim in the face six times while she was on the ground, and he saw Appellant punch her once. The witness told Appellant to get off of her, and Appellant walked past him into the home.

{¶4} Appellant told police he has anxiety issues and has been taking medication, which seems to help him. He told police he and the victim were arguing, and he started having a panic attack. Appellant stated the victim kicked him in the stomach and he blacked out. When the detective conducting the interview told Appellant he did not believe Appellant had blacked out and showed Appellant a picture of the victim's injuries, he told police he grabbed a sword when he got upset and started hitting a pole. He admitted accidentally striking the victim in the elbow with the sword. He admitted pushing her down, and said after he pushed her down she kicked him in the stomach and the face. He admitted he punched the victim a few times while she was on the ground.

**{¶5}** Appellant was charged with assault as a first degree misdemeanor. He was arraigned on October 5, 2017, and entered a plea of guilty. The court sentenced him to 180 days incarceration. From the October 5, 2017 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

APPELLANT'S CONVICTION OF ASSAULT WAS IN ERROR DUE TO THE TEMPORARY INCAPACITY OF THE APPELLANT DURING THE ARRAIGNMENT PROCEEDINGS.

**{¶6}** Appellant argues he was legally incompetent to make an informed decision to plead guilty due to a mixture of sleep deprivation, the traumatic experience of the incident, and being under the influence of a drug not prescribed to him. He does not dispute the fact the trial court informed him of his rights during arraignment, but claims he does not remember the proceeding and his incapacity went unnoticed.

**{¶7}** The following colloquy occurred during Appellant's arraignment:

THE COURT: Are you Zachary Hartshorn?

MR. HARTSHORN: Yes.

THE COURT: Mr. Hartshorn you are charged with a first degree misdemeanor offense known as assault. The Newark Police Department alleges that yesterday here in Newark you did knowingly cause or attempt to cause physical harm to another person. Do you understand the charge

sir it is punishable by up to six months in jail and up to a one thousand dollar

fine?

MR. HARTSHORN:  Yes.

THE COURT:  How do you wish to plead do you want to plead guilty

or not guilty?

MR. HARTSHORN:   Guilty.

THE COURT:  Did you say guilty?

MR. HARTSHORN:    Yes.

THE COURT:  Do you have a statement you wish to make sir?

MR. HARTSHORN:    That I blacked out during all of that.

THE COURT:  Okay let me read what the police officer had to say.

Alright Mr. Hartshorn the court will enter a fine in your case of $250.00 and

sentence you to one hundred and eighty days in jail.  You can go with the

deputy sheriff.

Tr. 2-3.[1]


**{¶8}**   R.C. 2945.37(B) provides:


(B) In a criminal action in a court of common pleas, a county court,

or a municipal court, the court, prosecutor, or defense may raise the issue

---

[1] While Appellant alleges in his brief the arraignment was conducted via video conference, a video of the arraignment was not made a part of the record on appeal.

of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

{¶9} A defendant is presumed to be competent to stand trial. R.C. 2945.37. "The right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains 'sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial. *State v. Berry*, 72 Ohio St.3d 354, 1995-Ohio-310, 650 N.E.2d 433 (1995). The test to determine whether a defendant is competent to stand trial is whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825(1960).

{¶10} Appellant claims he was incompetent at the time of the hearing because of sleep deprivation, shock from the traumatic event, and being under the influence of the drug Effexor which was not prescribed for him. However, these claims are not demonstrated by the record. While Appellant told the court he blacked out during the incident, the arraignment was conducted the day after the incident, at which time Appellant was able to converse with the judge. The record before this Court does not contain indicia of incompetence.

**{¶11}** The assignment of error is overruled.

**{¶12}** The judgment of the Licking County Municipal Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur